IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER LANCE, | § § § | |
| *Plaintiff,* | § § § | SA-21-CV-00837-JKP |
| vs. | § § § | |
| CITY OF SAN ANTONIO; JOHN DOE, | § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Leave to File Third Amended Complaint [#23]. This case was referred to the undersigned for all pretrial proceedings on September 3, 2021 [#2]. The undersigned has authority to issue this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's Motion for Leave to File Third Amended Complaint [#23] will be **GRANTED.**

This case arises under 42 U.S.C. § 1983 and concerns the officer-involved shooting of Plaintiff with rubber bullets during a protest in 2020. The record reflects that Plaintiff filed his Original Petition in state court on June 24, 2021, and his First Amended Petition on July 6, 2021. (Orig. Pet. [#1-3]; First Am. Pet. [#1-4].) Defendant City of San Antonio removed the Amended Petition to this Court on September 2, 2021. (Notice of Removal [#1].) At the time of filing and removal, Plaintiff was unaware of the identity of the officers present at the time of underlying incident.

This Court held an initial pretrial conference on November 10, 2021, and entered a Scheduling Order imposing a deadline to file any motions to amend pleadings no later than February 7, 2022. (Scheduling Order [#15].) Plaintiff timely filed his motion for leave to amend

1

on February 7, 2022. By his motion, Plaintiff seeks to add ten named Defendants (all of whom are police officer employees of Defendant City of San Antonio), remove Defendant John Doe, and add a claim for failure to render medical aid to Plaintiff.

The Federal Rules of Civil Procedure favor amendment. A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15 expresses a strong presumption in favor of liberal pleading"); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) ("[Rule 15] evinces a bias in favor of granting leave to amend."). A motion to amend should not be denied unless there is "substantial reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Defendant City of San Antonio opposes Plaintiff's motion on the basis of undue delay, arguing that Plaintiff should have named the officers as defendants earlier in the case, but instead waited until the deadline to seek amendment, demonstrating bad faith and a dilatory motive. Plaintiff acknowledges that he became aware of the officers' names in November 2021, but maintains that the delay is not an undue delay because the motion was timely filed and permitting amendment would not cause prejudice to Defendant City. Plaintiff argues that the

additional officers and new claim were referenced in the underlying facts pleaded in Plaintiff's Original Petition.

There is no "substantial reason" to deny leave to amend. Plaintiff's Motion for Leave to File Third Amended Complaint [#23] is his first request to amend pleadings since removal and was timely filed. The discovery period in this case is still open and does not expire until June 16, 2022. Thus, the prejudice to Defendant, if any, would be minimal. Given the foregoing and noting the Rule 15's bias in favor of granting parties leave to amend, the Court will grant Plaintiff leave to file his Third Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Third Amended Complaint [#23] is **GRANTED**.

**IT IS FURTHER ORDERED** that the District Clerk docket Plaintiff's Third Amended Complaint [#23-1] attached to its motion.

SIGNED this 1st day of April, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE