IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALEXANDER LANCE** | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| **RODOLFO CONTERO, #3297,** | § | CIVIL ACTION NO. 5:21-CV-837 JKP-ESC |
| **JAMES YBARRA, #0855, JESSE NORIEGA,** | § | |
| **#0989, EDWIN TURNER, #1385,** | § | |
| **JONATHAN REYES, #1470, MARSHALL** | § | |
| **DAVIS, #0152, PERLA DOMINGUEZ, #0798,** | § | |
| **DREW REYES, #0679, CODY HAEGELIN,** | § | |
| **AND CITY OF SAN ANTONIO** | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

**DEFENDANT SAN ANTONIO POLICE OFFICERS SGT. RODOLFO CONTERO, JAMES YBARRA, JONATHAN REYES, MARSHALL DAVIS, DREW REYES, CODY HAEGELIN, VALENTIN FIGUEROA AND EDWIN TURNER'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON K. PULLIAM:

NOW COMES San Antonio Police **OFFICERS SGT. RODOLFO CONTERO, JAMES YBARRA, JONATHAN REYES, MARSHALL DAVIS, DREW REYES, CODY HAEGELIN, VALENTIN FIGUEROA** and **EDWIN TURNER**, Individually, Defendants in the above entitled and numbered cause, pursuant to Rule 56, FEDERAL RULES OF CIVIL PROCEDURE files this their Opposed Motion for Summary Judgment and in support thereof would respectfully show unto the Court the following:

**I.**

Defendant **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** would show unto the Court that there is no genuine issue as to any material fact and that they are entitled to judgment, as a matter of law.[1]

---

[1] Perla Dominguez was never served in this case and should be dismissed, as a matter of law.

## II.
## EXHIBITS

Defendant OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA and TURNER incorporate into their Motion for Summary Judgment for all purposes the following exhibits:

    (1)    Exhibit A    -    Declaration of Sgt. Rodolfo Contero.

    (2)    Exhibit B    -    Declaration of Officer Marshall Davis.

    (3)    Exhibit C    -    Declaration of Officer Jonathan Reyes.

    (4)    Exhibit D    -    Declaration of Officer James Ybarra.

    (5)    Exhibit E    -    Declaration of Officer Cody Haegelin.

    (6)    Exhibit F    -    Declaration of Officer Valentin Figueroa.

    (7)    Exhibit G    -    Declaration of Officer Drew Reyes.

    (8)    Exhibit H    -    Declaration of Edwin Turner.

    (9)    Exhibit I    -    San Antonio Police Department Investigation Bates COSA 232-242.

    (10)    Exhibit J    -    Report of Expert Albert Rodriguez.

    (11)    Exhibit K    -    Deposition of Plaintiff Alexander Lance.

    (12)    Exhibit L    -    San Antonio Police Department Procedure 501 and 601.

The above Exhibits A - L are hereby incorporated by reference for all purposes.

## III.
## BACKGROUND

The case at bar concerns the San Antonio Riots which occurred on May 30, 2020. In response to the George Floyd tragedy which occurred in Minneapolis Minnesota, hundreds of protests were conducted throughout the country. The protests in San Antonio starting at the Alamo began peacefully, as night drew in, so did the violence which was exacerbated by outside

*Alexander Lance. v. Rodolfo Contero, et al*    Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment    Page 2

influences.  This resulted in thousands of protestors throwing rocks, bricks and other objects at San Antonio Police Officers resulting in three officers being injured on the night in question.  Forty businesses in the downtown area sustained broken windows and looting, causing the Mayor of the City of San Antonio to issue a disaster declaration and curfew for the downtown business district.[2]

At the direction of the Chief of Police, the San Antonio SWAT Team was deployed downtown to provide additional security to support the Mobile Field Force (MFF) with chemical agents (CA) and less lethal (LL) munitions.  The SWAT team was divided into three grenadier teams deployed in the downtown business district.  Sgt. Rudy Contero's team consisted of Officer Jesse Norriega and Officers James Ybarra, Jonathan Reyes, Marshall Davis, Drew Reyes, Cody Haegelin, Valentin Figueroa and Edwin Turner.  The downtown business area of Broadway and East Houston was considered a "HOT" zone where no EMS would enter without police escort due to the violence.  (*See, Exhibit A – Declaration of Rodolfo Contero*).  The team consisted of the following officers:

- Sgt. Rudy Contero's less than lethal;
- Officer James Ybarra, Chemical Agent;
- Officer Jonathan Reyes, Pepper Ball;
- Officer Marshall Davis, Lethal Cover;
- Officer Drew Reyes, Munitions
- Officer Cody Haegelin, Support Vehicle;
- Officer Valentin Figueroa, Support Vehicle;
- Officer Edwin Turner; Pepper Ball.
- Officer Jesse Norriega; Lethal SAGE.

(*See, Exhibit I - San Antonio Police Department Investigation Bates COSA 232-242*)

---

[2] See, www.KENS5.com - May 30, 2020.

*Alexander Lance. v. Rodolfo Contero, et al*
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment

Civil Action No. 5:21-CV-837-JKP

Page 3

Sgt. Contero's SWAT Team was advised that they needed to proceed to Crocket and College Streets for violence and looting.  As the Team proceeded on Presa at the intersection of College Street, Officer Noriega encountered Plaintiff Lance who appeared to be in the process of throwing an object at the officers.  From the first discharge of the SAGE to the second discharge was approximately 11 seconds and Officer Contero called out his Team to keep moving in the direction of Crockett Street.  The entire interaction with Plaintiff was approximately 18 seconds. (See, Exhibit I – San Antonio Police Department Investigation ).  Defendant San Antonio Police **Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa** and **Turner** did not have any contact with Plaintiff Alexander Lance on the date of the incident in question.  (*See, Exhibit A - Declaration of Sgt. Rodolfo Contero; Exhibit B - Declaration of Officer Marshall Davis; Exhibit C - Declaration of Officer Jonathan Reyes; Exhibit D - Declaration of Officer James Ybarra; Exhibit E - Declaration of Officer Cody Haegelin; Exhibit F - Declaration of Officer Valentin Figueroa; Exhibit G -Declaration of Officer Drew Reyes; Exhibit H - Declaration of Edwin Turner*).

## IV.
### Undisputed Facts

Defendant **Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa** and **Turner** assert unto the Court that the following facts are undisputed:

(1)     On May 30, 2020, the City of San Antonio experienced riots in the downtown area at night wherein thousands of protestors were throwing rocks, bottles and other objects at San Antonio Police Officers.  Three San Antonio Police Officers were injured during the melee.  (*See, www.Kens5.com, May 30, 2020*).

(2)     As a result of the riots taking place on May 30, 2020, the Mayor of the City of San Antonio declared a disaster declaration and curfew for the downtown business district; over 40 businesses suffered damage as a result of the riots of May 30, 2020.  (*See, www.Kens5.com, May 30, 2020*).

*Alexander Lance. v. Rodolfo Contero, et al*                                                   Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment                                                                        Page 4

(3) Defendant San Antonio Police Officers **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** did not have any contact with Plaintiff Alexander Lance on the date of the incident in question. (*See, Exhibit A - Declaration of Sgt. Rodolfo Contero; Exhibit B - Declaration of Officer Marshall Davis; Exhibit C - Declaration of Officer Jonathan Reyes; Exhibit D - Declaration of Officer James Ybarra; Exhibit E - Declaration of Officer Cody Haegelin; Exhibit F - Declaration of Officer Valentin Figueroa; Exhibit G - Declaration of Officer Drew Reyes; Exhibit H - Declaration of Edwin Turner*).

(4) Plaintiff Alexander Lance was never taken into custody by the San Antonio Police Department on the night of the incident in question. (*See, Exhibit I – San Antonio Investigation Bates.; Exhibit K – Deposition of Plaintiff Alexander Lance, pp. 134; 140-141*).

## V.
## LEGAL ANALYSIS

Plaintiff Lance's claims against Defendant **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** are based under the due process clause of the Fourteenth Amendment for allegedly failing to provide adequate medical care.  The Plaintiff's Second Claim, Paragraphs 45 – 48.  Defendant **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** affirmatively pled their defense of qualified immunity under both prongs of the qualified immunity analysis.  Defendants assert that they did not violate Plaintiff's constitutional right under the Fourteenth Amendment and further assert that their actions were not objectively unreasonable based on the totality of the circumstances and established law.

The Constitution imposes a duty on the state to provide for safety and wellbeing of the people it incarcerates.  ***DeShaney v. Winnebago Cnty DSS***, 489 U.S. 189, 199 (1989).  For those people who have not yet faced trial, the failure to provide medical stems from the due process clause.  ***Bell v. Wolfish***, 441 U.S. 520, 535 (1979).  The state's obligation is the same in both contexts.  The State's obligation is to provide for a detainee's basic human needs, including food,

*Alexander Lance. v. Rodolfo Contero, et al*
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment

Civil Action No. 5:21-CV-837-JKP

Page 5

clothing, shelter, medical care and reasonable safety. ***DeShaney v. Winnebago Cnty DSS***, 489 U.S. 189, 199 (1989).  The Fourteenth Amendment bars law enforcement from responding to a detainee's serious medical needs with deliberate indifference.  ***Farmer v. Brennen***, 511 U.S. 825, 828 (1984).  To provide deliberate indifference Plaintiff must show that the defendants knew that he faced a substantial risk of serious harm and failed to take reasonable measures to abate that risk. ***Farmer v. Brennen***, 511 U.S. 825, 847 (1994).  The knowledge inquiry is subjective, the analysis is what the official knew, not what they "should have perceived but did not." ***Id.*** at 838.  But the reasonableness question is objective:  it turns on whether the official's response to a known risk was reasonable, as a matter of law.  ***Hare v. City Corinth, Miss.,*** 135 F.3d 320, 327 (5th Cir. 1998)(Hare III).

As a point of initial analysis, the Court in ***DeShaney v. Winnebago Cnty DSS***, 489 U.S. 189 (1989) explained the Fourteenth Amendment imposes on the government an affirmative duty to provide medical care to all those it takes into custody.  ***Id.*** at 199.  The Court in ***DeShaney***, emphasized that the definition of the right to medical care is triggered only once the person is in the government's custody, which follows a seizure.  ***Id***. at 200.  In the case at bar, Plaintiff Lance was never "in custody" and therefore, his right to medical care was not triggered under the Fourteenth Amendment.  ***See, Colson v. City of Alcoa, TN***, 37 F.4th 1182, 1187 (6th Cir. 2022).

Defendants OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA and TURNER have affirmatively asserted their defense of qualified immunity for Plaintiff's claims of failure to provide adequate medical care.  The analysis under the Fourteenth Amendment as to failure to provide adequate medical care turns around whether or not the state official under consideration acted with deliberate indifference to Plaintiff's constitutional rights. ***Farmer v. Brennen***, 511 U.S. 825, 834 (1994); ***Gibbs v. Grimmette***, 254 F.3d 545, 549 (5th Cir.

*Alexander Lance. v. Rodolfo Contero, et al*                                          Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment                                                      Page 6

2001).   To prove deliberate indifference, plaintiff must show that the officer knew of and disregarded an excessive risk to plaintiff's health or safety.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  The deliberate indifference standard is a subjective standard applicable to each individual defendant.  The officer under consideration acts with subjective deliberate indifference if, (1) he knows that the plaintiff faces a substantial risk of serious bodily harm; and (2) he disregards that risk by failing to take reasonable measures to abate it.   *Gorbert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

To prove deliberate indifference, plaintiff must show that the officer knew of and disregarded an excessive risk to the plaintiff's health or safety.  To be deliberately indifferent, the officer would have had to have chosen not to [have taken precautions] with the expectation that some harm would result.  Plaintiff must show that both that the officer was aware of facts from which the inference of excessive risk to the plaintiff's safety would be drawn **and** the officer "actually drew an inference" that such potential for harm existed.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  As the Court stated in *Gorbert v. Caldwell*, "deliberate indifference" is an extremely high standard to meet.  *Id.* at 346.

In *Tillman v. Clarke County*, 514 F.Supp.3d 884 (S.D. Miss. Jan. 21, 2021), plaintiff arrestee brought an action against deputy sheriffs alleging failure to provide adequate medical care. The trial court held that the deputies did not act with deliberate indifference and plaintiff had failed to allege any specific facts which would constitute deliberate indifference under the Fourteenth Amendment.  *Id.* at 892.

In the case at bar, Defendant OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA and TURNER assert through their declarations attached.  See, (*See, Exhibit A - Declaration of Sgt. Rodolfo Contero; Exhibit B - Declaration of Officer Marshall*

*Alexander Lance. v. Rodolfo Contero, et al*                                                    Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment                                                                              Page 7

*Davis; Exhibit C - Declaration of Officer Jonathan Reyes; Exhibit D - Declaration of Officer James Ybarra; Exhibit E - Declaration of Officer Cody Haegelin; Exhibit F - Declaration of Officer Valentin Figueroa; Exhibit G -Declaration of Officer Drew Reyes; Exhibit H - Declaration of Edwin Turner; Exhibit . Expert Report of Albert Rodriguez*). In the expert report of Albert Rodriguez, the officers did not act with deliberate indifference to Plaintiff Lance's medical needs. Defendants assert that Plaintiff Lance was never taken into custody and therefore, no constitutional right under the Fourteenth Amendment was ever triggered.  Defendant **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** assert that their actions in attempting to quell a riot, in real time, wherein EMS would not even enter the Hot Zone unaccompanied by law enforcement that defendant officers' actions were not objectively unreasonable.  Defendant Offices did not act with deliberate indifference since they were unaware of a serious risk of any harm to Plaintiff Lance.  Defendant **OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA** and **TURNER** further assert that their actions at the time of the riot on May 30, 2020, were not objectively unreasonable from a totality of the circumstances.  (*See, Exhibit J – Report of Expert Albert Rodriguez*).  Defendant Officers assert that their actions at the time of the San Antonio Riot were not objectively unreasonable. Defendants assert that there is no clear case law concerning conduct in the midst of a riot concerning providing adequate medical care.  The San Antonio Police Department Policies and Regulations concern when an individual is actually taken into custody.   (*See, Exhibit L – San Antonio Police Department Procedure 501 and 601*).  The actions of the defendant officers in attempting to bring law and order to a riotous situation was not objectively unreasonable and there is no clearly established law dictating that their actions were the actions of an unreasonable officer. Consequently, qualified immunity is justified unless no reasonable officer could have acted as the

*Alexander Lance. v. Rodolfo Contero, et al*                                                                    Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment                                                                                              Page 8

defendant officers did, or every reasonable officer faced with the same facts, would not have acted as the defendant officers did. ***Mason v. Faul***, 929 F.3d 762, 764 (5th Cir. 2019)(cert. denied 141 S.Ct. 116 (2020)).  Defendant OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA and TURNER assert that they are entitled to the protective shroud of qualified immunity. As a matter of law.  ***Mullinex v. Luna,*** 577 U.S. 7, 14 (2015).

**WHEREFORE, PREMISES CONSIDERED** Defendant OFFICERS SGT. CONTERO, YBARRA, J. REYES, DAVIS, D. REYES, HAEGELIN, FIGUEROA and TURNER pray that their Motion for Summary Judgment will be in all things granted, and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
210 271-7877
210 271-0602 Telefax

BY: ___/s/ Charles S. Frigerio___
      CHARLES S. FRIGERIO
      SBN:  07477500
      Email: CSF@FrigerioLawFirm.com

      HECTOR X. SAENZ
      SBN:  17514850
      Email: Hector@FrigerioLawFirm.com
ATTORNEYS FOR DEFENDANT OFFICERS
OFFICERS SGT. RODOLFO CONTERO, JAMES YBARRA, JONATHAN REYES, MARSHALL DAVIS, DREW REYES, CODY HAEGELIN, VALENTIN FIGUEROA and EDWIN TURNER

*Alexander Lance. v. Rodolfo Contero, et al*                                                      Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment                                                                        Page 9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of August 2023, I electronically sent the foregoing Defendant Officers Motion for Summary Judgment with the Clerk of the Court to the following:

Mr. Tim Maloney                    Email: tmaloney@maloneyandcampolo.com
Mr. Paul Campolo                          pcampolo@maloneyandcampolo.com
Mr. Eric Campolo                          ecampolo@maloneyandcampolo.com
**LAW OFFICES OF MALONEY & CAMPOLO, LLP**
926 S. Alamo St.
San Antonio, Texas 78205
**ATTORNEYS FOR PLAINTIFF ALEXANDER LANCE**

MARK KOSANOVICH                    Email: markkosanovich@yahoo.com
**FITZPATRICK & KOSANOVICH, P.C.**            mk@fitzkoslaw.com
P.O. Box 831121
San Antonio, Texas 78283-1121
**ATTORNEY FOR JESSE NORIEGA**

Ms. Elizabeth Guerrero-Southard          Email: elizabeth.guerrero-southard@sanantonio.gov
**CITY OF SAN ANTONIO**
203 S. St. Mary's St.
P.O. Box 839966
7515 Peppervine Lane
San Antonio, TX 78283
**ATTORNEYS FOR CITY OF SAN ANTONIO**

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO

*Alexander Lance. v. Rodolfo Contero, et al*          Civil Action No. 5:21-CV-837-JKP
Defendant Officers Sgt. Contero, Ybarra, J. Reyes, Davis, D. Reyes, Haegelin, Figueroa
and Turner's Motion for Summary Judgment          Page 10